[Cite as *T.A. v. M.C.*, 2024-Ohio-5123.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| T.A. | : | |
| | : | |
| Appellee | : | C.A. No. 30138 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 02242 |
| | : | |
| M.C. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 25, 2024

. . . . . . . . . . .

M.C., Pro Se Appellant

T.A., Pro Se Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} M.C. appeals from an order granting of a civil stalking protection order ("CSPO") in favor of T.A. and against M.C. For the following reasons, the judgment of the trial court is affirmed.

{¶ 2} T.A. filed a petition for a CSPO against M.C. on April 17, 2024. The petition alleged that M.C. had repeatedly assaulted T.A. and, in one incident, had caused T.A. to twist her knee. According to T.A., she suffered panic attacks as a result of M.C.'s behavior. T.A. sought electronic monitoring of M.C. based upon her alleged stalking and harassing behavior.

{¶ 3} The ex parte petition was granted, and a full hearing before a magistrate was set for May 2, 2024. The magistrate issued a CSPO on May 6, 2024; the magistrate found T.A.'s testimony more credible than M.C.'s and also found that T.A. had engaged in a pattern of conduct such that M.C's fear of physical harm by T.A. was reasonable. The trial court adopted the magistrate's decision.

{¶ 4} On May 9, 2024, M.C. filed a notice of appeal pro se. We issued an order setting deadlines for briefing in this appeal, which stated, in part: "The parties shall address in their briefs whether relief can be granted on appeal, as it appears that no objections were filed to the trial court's adoption of the magistrate's decision." M.C. requested an extension of time to file her brief "for evidence," which we granted the extension, setting a deadline of July 5, 2024.

{¶ 5} On July 5, 2024, M.C. completed and filed a pro se form document that stated she was appealing the "civil stalking order judge's decision" entered on May 2. 2024. The word "Briefs" was handwritten in the caption of the document. M.C. has not complied with our May 31 order to address her failure to file objections to the magistrate's decision.

{¶ 6} R.C. 2903.214 permits a person to seek a protection order against anyone over the age of 18 who has engaged in menacing by stalking, in violation of R.C.

2903.211. That offense prohibits "engaging in a pattern of conduct" that knowingly causes "another person to believe that the offender will cause physical harm to the other person . . . or cause mental distress to the other person . . ." R.C. 2903.211(A).

{¶ 7} Civ.R. 65.1 governs civil protection orders. A trial court "may refer the proceedings under these special statutory proceedings to a magistrate." R.C. 65.1(F)(1). If the matter is referred for a full hearing and determination, "the magistrate shall conduct the full hearing and, upon conclusion of the hearing, deny or grant a protection order." Civ.R. 65(F)(3)(a). "A magistrate's denial or granting of a protection order after a full hearing shall comply with the statutory requirements relating to such orders and is not effective unless adopted by the court." Civ.R. 65.1(F)(3)(c)(i). "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "A court's adoption . . . of a magistrate's denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 8} "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order . . ." Civ.R. 65.1(F)(3)(d)(i). A party objecting "under this division has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order,

or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order."   Civ.R. 65.1(F)(3)(d)(iii).

{¶ 9} } Civ.R. 65.1(F)(3)(d)(iv) states:

Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available. . . . The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. . .

{¶ 10} Most significantly, Civ.R. 65.1(G) states:

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) . . . of this rule is a final, appealable order. However, *a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal*, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

(Emphasis added.)

{¶ 11} Civ.R. 65.1 was amended in 2016 "to preclude challenges to civil protection orders when an appellant fails to object to a trial court decision." *Curry v. Bettison*, 2023-Ohio-1911, ¶ 41 (2d Dist.).   Here, the record reflects that M.C. did not file objections to the trial court's adoption of the magistrate's decision granting her petition for a CSPO

before filing her appeal.

**{¶ 12}** *Curry* further discussed whether a plain error analysis applied in these cases, noting that "Civ.R. 65.1, unlike Civ.R. 53(D)(3)(b)(iv), does not provide for plain error review where a party fails to object to a decision in the trial court." *Id.* at ¶ 2. *Curry* clarified and summarized the analysis that should occur in Civ.R. 65.1 appeals, stating:

> (1) where litigants fail to comply with Civ.R. 65.1(G)'s requirement of filing of objections, they cannot challenge the trial court's decision on appeal, and the decision must be affirmed; (2) no issues that are raised, whether they are phrased as error or plain error, can be considered; (3) this court should not engage in any analysis that directly or indirectly involves the merits of the trial court order; (4) where a litigant has objected in the trial court as specified by Civ.R. 65.1, this court retains the ability to consider error that is raised on appeal, including plain error, if the latter type of error is raised by a party . . . ; and (5) when a party fails to file objections, the court of appeals cannot consider or cite the content of the transcript.

(Citations omitted.) *Id.* at ¶ 67.

**{¶ 13}** Because M.C. did not file objections in the trial court before filing her appeal, we are precluded from considering her arguments. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and WELBAUM, J., concur.